O

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   LAREDO DIVISION


DEME SALIHAJ, ET AL.,         §
                              §
     Plaintiffs,              §
                              §
vs.                           §   Civil Action No. L-05-53
                              §
ALBERTO GONZALEZ, ET AL.,     §
                              §
     Defendants               §
```

## MEMORANDUM

Pending are Plaintiffs' petition for a writ of habeas corpus and motion for temporary restraining order. (Docket Nos. 1 & 2.) Plaintiffs are citizens and nationals of Serbia Montenegro, who are seeking asylum in this country. They are currently being detained by immigration officials and seek to be released pending the resolution of their asylum claims by the Government.

Under immigration statutes and regulations, a detained alien may seek asylum by claiming that he has a "credible fear of persecution" if he were to return to his home country. If an asylum officer determines there is such a credible fear, the alien is referred to an immigration judge who determines if asylum will be granted or not.

All six Plaintiffs were referred to an asylum officer who

1

determined that they had a credible fear of persecution.  All six Plaintiffs requested release on bond pending their asylum determinations by an immigration judge.  The requests were denied by an immigration judge, who found that he did not have jurisdiction to release them on bond.  None appealed that decision to the Board of Immigration Appeals.  The Government's response reflects that three Plaintiffs (Haxhi Salihaj, Hekuran Zogaj, and Urim Emsha) had their request for asylum denied and were ordered to be removed from the country.[1]  All three have reserved appeal.[2]  The other three Plaintiffs (Deme Salihaj, Arnis Sylaj, and Radil (aka Fadil) Muriqi) were scheduled to have their asylum hearing on May 2, 2005, and the Court understands that they also were denied asylum.

The Government argues that the Plaintiffs' detention is required by 8 U.S.C. §1225.  Specifically §1225(b)(1)(A)(iii)(I) provides that the Secretary of Homeland Security may designate "certain other aliens" for the expedited removal procedure outlined in § 1225(b).  The Secretary of Homeland Security's designation becomes effective upon publication of a notice in the Federal

---

[1] Urim Emsha's request for asylum was not addressed on the merits.  Emsha's attorney requested a continuance, but the immigration judge denied that request and deemed Emsha's application for relief abandoned and ordered Emsha to be removed from the country.

[2] The record does not reflect whether or not they have actually filed their appeal as of this date.

Register.  8 C.F.R. §235.3(b)(1)(ii).  The Secretary of Homeland Security published a notice in the Federal Register on August 11, 2004, designating aliens encountered within 14 days of entry without inspection and within 100 air miles of the U.S. land border, to be placed under the expedited removal provisions in 8 U.S.C. §1225(b).  <u>Notice Designating Aliens for Expedited Removal</u>, 69 Fed. Reg. 48878 (August 11, 2004).  The Government argues that this provision applies to the Plaintiffs.

In the designation, the DHS's position is that "[a]liens subject to expedited removal procedures under [8 U.S.C. §1225](including those aliens who are referred after a positive credible fear determination to an immigration judge for proceedings under section 240 of the Act) are not eligible for bond, and therefore not eligible for a bond redetermination before an immigration judge."  <u>Id</u>.  However, aliens may be released on parole in very limited circumstances.  8 U.S.C. §1182(d)(5) (stating that the Secretary of Homeland Security may parole aliens on a case-by-case basis for "urgent humanitarian reasons or significant public benefit.").

However, the Board of Immigration Appeals (BIA) has recently held that an immigration judge does have the power to give a bond hearing to those aliens being held pursuant to the August 11, 2004 Notice.  <u>In Re X-Y-</u>, 23 I. & N. Dec. 731 (BIA May 4, 2005).  The

3

BIA found that the Secretary of Homeland Security does not have the power to excise an immigration judge's jurisdiction to determine an alien's bond. According to the BIA, the jurisdiction of an immigration judge is limited by 8 C.F.R. § 1003.19, and that provision does not strip the immigration judges of the power to determine bond for aliens similarly situated to the Plaintiffs. This ruling appears to afford the Plaintiffs the relief they request from this Court.

Accordingly, even assuming that the denial of asylum to these Plaintiffs has not mooted this case, the recent BIA decision certainly does. Therefore, Plaintiffs' motion for temporary restraining order and/or preliminary injunctive relief and their petition for writ of habeas corpus shall be denied as moot.

DONE at Laredo, Texas, this 25th day of June, 2005.

_____
George P. Kazen
United States District Judge

4